UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                   Plaintiff,

                                                                                               CRIMINAL CASE NO. 07-20072

v.

CORNELIUS AHMAD WARREN,                HONORABLE PAUL V. GADOLA
                                                                              U.S. DISTRICT COURT
                                          Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS AND EXCLUDE EVIDENCE

      Defendant Cornelius Ahmad Warren is charged in a 4-count indictment with (1) knowingly and intentionally possessing cocaine base with intent to distribute; (2) knowingly and intentionally possessing marijuana with intent to distribute; (3) knowingly possessing a semi-automatic pistol and a rifle in furtherance of drug trafficking crimes; and (4) being a previously convicted felon in possession of two firearms. Before the Court is Defendant's motion to suppress and exclude evidence, filed on September 6, 2007. Defendant moves to suppress evidence and personal testimony obtained following a January 25, 2007 search of a residence located at 1183 E. Alma Street, in Flint, Michigan. An evidentiary hearing on the motion to suppress was held on October 24, 2007. For the reasons stated below, the Court finds that the *Leon* good faith exception applies to the facts of this case and, accordingly, denies the motion to suppress.

      **I.**      **Background**

      On January 25, 2007, Assistant Prosecuting Attorney for Genesee County David Guinn and Flint Police Officer Renae Burnett drafted an affidavit and application for a search warrant for the residence located at 1183 E. Alma Street, in Flint, Michigan. Officer Burnett brought the affidavit

to Judge Michael McAra, of the 68th District Court of Michigan. After a review of the affidavit, Judge McAra issued a search warrant for 1183 E. Alma Street and a search was conducted of the residence on that same day, January 25, 2007. The law enforcement conducting the search discovered cocaine base, marijuana, two firearms, and other incriminating pieces of physical evidence. Defendant was found at the residence, was arrested, and voluntarily and spontaneously made incriminating oral statements.

Defendant argues that the search warrant was invalid because it was not supported by probable cause. Consequently, Defendant argues that the incriminating physical evidence seized from the house and the oral statements made by Defendant should be suppressed, because they are fruits of an illegal search.

**II.    Analysis**

After a review of the briefs submitted by the parties and the evidence presented at the evidentiary hearing, the Court finds that Defendant's motion to suppress should be denied.

> The Fourth Amendment states that "no warrants shall issue but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend. IV. To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir. 1990)). This conclusion depends on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). The probable cause standard is a "practical, non-technical conception" that deals with the "factual and practical considerations of everyday life." *Id.* at 231.

*United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).

In this case, Defendant argues that there was no probable cause to support the warrant for the search of the Alma Street residence. Defendant claims that the affidavit supporting the warrant alleged insufficient facts to create a nexus between the place to be searched and the evidence to be

2

sought. In opposition, the Government argues that the affidavit contains sufficient facts to establish probable cause for the search warrant.

The Court recognizes that the question as to whether the warrant was invalid because it was not supported by probable cause is a close question. Even if the Court were to find that the search warrant was defective, however, evidence obtained pursuant to an invalid warrant is still admissible if the *Leon* good faith exception applies:

> Though evidence obtained in violation of the Fourth Amendment is generally excluded, the Supreme Court has held that the exclusionary rule "should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *United States v. Leon*, 468 U.S. 897, 905 (1984).

*United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005). After reviewing the applicable law and the particular facts of this case, the Court finds that the *Leon* good faith exception applies in the instant case. Accordingly, the Court will not make a determination as to whether the warrant was invalid. *See United States v. Ware*, 338 F.3d 476, 481 (6th Cir. 2003) ("On review, this Court need not reach the validity of the warrant, as it can turn immediately to consider the application of the *Leon* good faith exception.").

The *Leon* good faith exception permitting the admission of evidence obtained pursuant to a defective search warrant "is not boundless." *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998). Instead,

> [t]he "good faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered." *United States v. Leon*, 468 U.S. 897, 922-23 n.23 (1984). "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Id.* at 922 (internal quotations omitted). *Leon*'s good faith exception does

3

not apply in the following sets of circumstances: 1) the supporting affidavit contained knowing or reckless falsity; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is "so lacking in probable cause as to render official belief in its existence entirely unreasonable;" or 4) where the officer's reliance on the warrant was neither in good faith nor objectively reasonable. *Id.* at 923.

*United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005).

The Court finds that none of the four sets of circumstances apply in the instant case and that the good faith exception applies. First, contrary to Defendant's argument, the affidavit supporting the warrant does not contain a knowing or reckless falsity. The affidavit does contain an incorrect phrase in Paragraph 9, where it incorrectly states that the confidential informant entered the premises. The confidential informant never entered the premises of the Alma Street residence. From the testimony of Officer Burnett given at the evidentiary hearing, it is clear that this incorrect statement was an inadvertent oversight by Officer Burnett and the issuing magistrate, Judge McAra. In addition, Judge McAra's handwritten modifications in Paragraphs 11 and 12 demonstrate that Judge McAra did not believe that the confidential informant had entered the Alma Street residence. Consequently, it is clear that the mistake in Paragraph 9 of the affidavit was not a knowing or reckless falsity.

Second, the Court finds that the issuing magistrate, Judge McAra, did not wholly abandon his judicial role. Defendant argues that the affidavit provided to the magistrate was a boilerplate document and that the magistrate failed to perform his "neutral and detached" function, but instead acted as a "rubber stamp." *See Aguilar v. Texas*, 378 U.S. 108, 111 (1964), *overruled on other grounds by Illinois v. Gates*, 462 U.S. 213 (1983). Officer Burnett's testimony indicated that the affidavit was drafted with the help of David Guinn, Assistant Prosecuting Attorney, from a form affidavit held on file. Though the affidavit was derived from a form, Burnett and Guinn modified

4

the affidavit in order to correspond with the particular facts of the case. The final affidavit included specific identifying information about the place to be searched and described the circumstances supporting Officer Burnett's belief that a warrant was merited.

Defendant also argues that Judge McAra abandoned his role as a neutral magistrate by making handwritten modifications to the text of the affidavit. Though Judge McAra's actions may have been unorthodox, the Court does not find that Judge McAra wholly abandoned his judicial role. On the contrary, Judge McAra's actions in reviewing the affidavit, discussing its contents with Officer Burnett, and making modifications to the text of the affidavit indicate that Judge McAra did not act as a rubber stamp but instead performed his function as the issuing magistrate by considering the substance of the affidavit.

Third, the Court does not find that the affidavit is "so lacking in probable cause as to render official belief in its existence entirely unreasonable." *Frazier*, 423 F.3d at 533.

> The third limitation on the good-faith exception . . . prevents introduction of evidence seized under a warrant that issued on the basis of a "bare bones" affidavit. A bare bones affidavit is one that merely "states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996).
> Determining whether the affidavit is so bare bones as to preclude application of the good-faith exception is a less demanding inquiry than the one involved in determining whether the affidavit provided a "substantial basis" for the magistrate's conclusion of probable cause. If the inquiries were identical, the probable cause determination would subsume the good-faith exception. The good-faith inquiry requires examination of the affidavit for particularized facts that indicate veracity, reliability, and basis of knowledge and go beyond bare conclusions and suppositions.

*United States v. McPhearson*, 469 F.3d 518, 525-26 (6th Cir. 2006) (citations omitted). The Sixth Circuit Court of Appeals has stated that the *Leon* good faith exception applies in cases where there is a determination "that the affidavit contained a minimally sufficient nexus between the illegal

5

activity and the place to be searched to support an officer's good-faith belief in the warrant's validity, even if the information provided was not enough to establish probable cause." *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004).

Here, after considering the facts of the case, the Court does not find that the affidavit was a "bare bones" affidavit lacking sufficient factual circumstances. Instead, the Court finds that the affidavit gives a minimally sufficient nexus between the illegal activity and the Alma Street residence. Officer Burnett observed, with continuous surveillance, an individual come out of the Alma Street house, walk a few blocks from the residence, and engage in a drug deal with a confidential informant. This is sufficient to create a nexus between the illegal drug deal and the house that the individual conducting the drug deal had just exited. Because Officer Burnett conducted continuous surveillance from the time the occupant left the residence and transacted the drug deal, the drugs used in the deal must have come from inside the Alma Street residence. In the Court's estimation, this is "some modicum of evidence, however slight, to connect the criminal activity described in the affidavit to the place to be searched." *United States v. Laughton*, 409 F.3d 744, 749 (6th Cir. 2005). Though additional facts may have been included in the affidavit to strengthen the application for a warrant, the Court cannot say that the terms of the affidavit are "so vague as to be conclusory or meaningless." *Carpenter*, 360 F.3d at 596. Consequently, the Court cannot conclude that the affidavit was a "bare bones" affidavit so lacking in probable cause as to negate the *Leon* good faith exception. Instead, the Court finds that the reliance of law enforcement on a possibly invalid search warrant was in good faith and objectively reasonable. Therefore, the incriminating evidence and statements obtained pursuant to the search should not be suppressed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to suppress and

exclude evidence [docket entry #29] is **DENIED**.

**SO ORDERED.**

Dated:   November 26, 2007                              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 26, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Paul D. Muller; Barbara C. Tanase                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                              .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845